James P. Molloy
**GALLIK, BREMER & MOLLOY, P.C.**
777 East Main Street, Suite 203
Bozeman, MT 59771-0070
Ph: (406) 404-1728
jim@galliklawfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MONTANA FEDERATION OF PUBLIC EMPLOYEES,<br><br>Plaintiff,<br><br>vs.<br><br>KIDS BEHAVIORAL HEALTH OF MONTANA, INC. d/b/a ACADIA MONTANA,<br><br>Defendants. | Cause No. CV_____<br><br><br>**COMPLAINT**<br>**VIOLATION OF WARN ACT**<br><br>**JURY DEMAND** |

Plaintiff Montana Federation of Public Employees ("MFPE"), on behalf of itself and its members employed at Acadia Montana, files this Complaint against Defendant Kids Behavioral Health of Montana, Inc., d/b/a Acadia Montana ("Acadia"), and alleges as follows:

## NATURE OF THE ACTION

1.       This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the United States Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("WARN Act"). Defendant Acadia is liable under the WARN Act for the failure to provide employees at its Butte, Montana facility at least 60 days advance notice of their loss of employment, as required by the WARN Act.

## JURISDICTION AND VENUE

COMPLAINT                                                                                                    Page 1

2. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 2102, 2014(a)(5).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5) because Defendant does business in this District and the acts constituting the violation of the WARN Act occurred in, and the claim arose, in this District.

## PARTIES

4. Plaintiff MFPE (formerly known as MEA-MFT) is a labor organization that serves as the exclusive bargaining representative of almost all of the employees at Acadia's Butte, Montana facility. The employees represented by MFPE earned regular compensation and other employee benefits and were damaged by Defendant Acadia's acts in violation of the WARN Act.

5. Defendant Kids Behavioral Health of Montana, Inc., d/b/a Acadia Montana is a wholly owned subsidiary of Acadia Healthcare Company, Inc. ("Acadia Healthcare") with its principal office located at 6100 Tower Circle, Suite 1000, Franklin, Tennessee. Acadia Healthcare operates over 590 behavioral healthcare facilities located in 40 states, Puerto Rico and the United Kingdom, including the Acadia Montana facility located in Butte, Montana.

## FACTS

6. On or about June 17, 2019, Defendant Acadia notified Plaintiff that the Butte facility would be closed and the employees at the Butte facility would lose their jobs.

7. Acadia Montana's parent company, Acadia Healthcare, employs thousands of employees at its various facilities. Upon information and belief, all of the facilities are operated as subsidiaries of Acadia Healthcare; Acadia Healthcare's board of directors and officers

exercise overall supervision and control of all of its subsidiaries; the subsidiaries are subject to the control of Acadia Healthcare; and the employees of the subsidiaries are subject to a unity of personnel policies emanating from a common source.  29 C.F.R. §§ 639.3(a)(1), (2).

8. The closure of Acadia's facility in Butte results in the loss of employment of more than 50 full-time employees.  29 U.S.C. § 2101(a)(2).

9. The employees at Acadia's Butte facility have suffered, and/or will suffer employment losses and neither Plaintiff MFPE nor the employees received the 60-day notice required by the WARN Act.

## COUNT I

## Violation of the WARN Act

10. Plaintiff MFPE incorporates by reference and re-alleges the allegations set forth above.

11. At all relevant times, the employees at Acadia's Butte facility have been entitled to the rights, protections, and benefits provided under the WARN Act.

12. Defendant Acadia was, and is, subject to the notice and back pay requirements of the WARN Act because Defendant is a business enterprise that employs 100 or more employees, excluding part-time employees, and/or, because the closure of the Butte facility will cause the loss of employment for more than 50 employees.

13. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.  Pursuant to the WARN Act, 29 U.S.C. § 2102 and C.F.R. 29 C.F.R. § 639.1 - § 639.10 *et seq.*, Defendant Acadia was required to provide at least sixty (60) days prior

written notice of the termination, or notice as soon as practicable, to Plaintiff MFPE and the affected employees, explaining why the sixty (60) days prior notice was not given.

14. Defendant Acadia violated the WARN Act by failing to provide the required notice. Defendant failed to pay the affected employees their respective wages and associated employee benefits for 60 working days following their respective terminations.

15. Section 2103 of the WARN Act exempts certain employers from the Act's notice requirements. None of the WARN Act exemptions apply to Defendant Acadia. Accordingly, the affected employees at Acadia's Butte facility must receive the notice and back pay and benefits as required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

16. The affected employees at Acadia's Butte facility have been damaged by Defendant's violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendant has not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MFPE on behalf of all affected employees at Acadia's Butte facility, seek judgment against Defendant for:

1. Compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

2. Reasonable attorney fees, costs and disbursements as allowed by the WARN Act, 29 U.S.C. § 2104(1)(6); and

3. Such further relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

DATED this 24th day of July, 2019.

            /s/ James P. Molloy
            Gallik, Bremer & Molloy, P.C.